**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2012

No. 11-51122
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS OMAR RODRIGUEZ-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1666-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Rodriguez-Gonzalez (Rodriguez) appeals following his guilty plea conviction of illegal reentry of the United States after removal. He was sentenced to a 48-month term of imprisonment and to a three-year term of supervised release. Rodriguez contends that the 48-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, he asserts that the application of the illegal reentry guideline, U.S.S.G. § 2L1,2, resulted in an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable sentence because his 1998 residential burglary conviction is less serious than other offenses that also qualify for the 16-level enhancement, because the previous conviction was remote in time, and, because, given his youth when he committed the residential burglary, the prior offense does not provide an accurate measure of either the seriousness of the offense or his risk of recidivism. He also contends that the seriousness of the instant illegal reentry offense is mitigated by the fear he felt in Mexico, where he was the victim of violence following his removal.

Rodriguez concedes that he did not object to his sentence as unreasonable, but he asserts that no objection is not required to preserve the issue for appellate review. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, we need not determine whether plain error review is appropriate because Rodriguez's arguments fail even under the ordinary standard of review.

Because Rodriguez's sentence was within the properly calculated guidelines range of 46 to 57 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Rodriguez contends that the presumption of reasonableness should not be applied to a sentence calculated under § 2L1.2, since the illegal reentry guideline is not supported by empirical data or national experience. However, as he concedes, this argument is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

No. 11-51122

The record reflects that the district court heard the mitigating arguments offered by Rodriguez and considered them when determining his sentence. The district court rejected Rodriguez's request for a downward variance; it likewise rejected the Government's argument for a sentence of at least 53 months of imprisonment. The district court instead concluded that a 48-month sentence was appropriate in light of the § 3553(a) factors. We have recognized that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339. Rodriguez has failed to demonstrate that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186. Therefore, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See id.*

AFFIRMED.